J. S02009/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ZAID SHABAZZ, | : | No. 3694 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, October 18, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0006606-2011

BEFORE:  GANTMAN, P.J.E., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MAY 09, 2019**

Zaid Shabazz appeals from the October 18, 2017 order entered by the Court of Common Pleas of Philadelphia County denying appellant's first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The relevant procedural history of this case is as follows:

> On January 22, 2013, [appellant pled] guilty to attempted murder and possession of an instrument of crime ("PIC") . . . .  On March 7, 2013, [the trial court] imposed a sentence of eight to sixteen years of confinement for attempted murder, followed by two consecutive years of probation for PIC.  On March 19, 2013, [appellant] filed an untimely Post-Sentence Motion which the [trial] court denied on July 8, 2013. [Appellant] did not file a direct appeal on this matter.
>
> [Appellant] filed an untimely *pro se* petition pursuant to the [PCRA].  David Rudenstein, Esq. was appointed to represent [appellant].  Mr. Rudenstein filed an

> amended PCRA petition. [The PCRA court] issued a [Pa.R.Crim.P.] 907 Notice to [appellant] advising him that his PCRA petition would be denied/dismissed within twenty days because the [PCRA court] found his ***pro se*** PCRA petition was without merit or had been waived, to which no response was received. On October 18, 2017, [the PCRA court] held an evidentiary hearing and dismissed [appellant's] PCRA Petition. [Appellant] filed a timely appeal and [the PCRA court] entered an Order requiring [appellant] to file a Statement of Matters Complained of on Appeal [pursuant to Pa.R.A.P. 1925(b)]. [Appellant] complied.

PCRA court opinion, 5/17/18 at 1-2. The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issue for our review:

> Did the Honorable PCRA Court err when it dismissed the Pro Se Petition without granting a hearing and all where [appellant] pled, and would have been able to prove, that he was entitled to relief?

Appellant's brief at 3.

The PCRA requires that any petition for collateral relief be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Commonwealth v. Callahan***, 101 A.3d 118, 122 (Pa.Super. 2014), quoting 42 Pa.C.S.A. § 9545(b)(3). A petitioner may only timely file a PCRA petition beyond one year of the date the judgment of sentence becomes final if:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(i)-(iii).

> "[T]he time limitations pursuant to . . . the PCRA are jurisdictional." ***Commonwealth v. Fahy***, [] 737 A.2d 214, 222 ([Pa.] 1999). "[Jurisdictional time] limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." ***Id.*** "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." ***Commonwealth v. Perrin***, 947 A.2d 1284, 1285 (Pa.Super. 2008).

***Commonwealth v. Jackson***, 30 A.3d 516, 519 (Pa.Super. 2011), ***appeal denied***, 47 A.3d 845 (Pa. 2012).

Here, appellant filed an untimely post-sentence motion on March 19, 2013. We have previously held the following pertaining to untimely post-sentence motions:

> An untimely post-sentence motion does not toll the appeal period. ***Commonwealth v. Green***, 862 A.2d 613, 618 (Pa.Super .2004) (***en banc*** ) ("[T]he time for filing an appeal can be extended beyond 30 days after the imposition of sentence only if the defendant files a timely post-sentence motion.").
>
> . . . .
>
> Under ***Commonwealth v. Dreves***, 839 A.2d 1122, 1128 (Pa.Super. 2003) (***en banc***), a post-sentence motion ***nunc pro tunc*** may toll the appeal period, but only if two conditions are met. First, within 30 days of imposition of sentence, a defendant must request the trial court to consider a post-sentence motion ***nunc pro tunc***. "The request for ***nunc pro tunc*** relief is separate and distinct from the merits of the underlying post-sentence motion." ***Id.*** at 1128-29. Second, the trial court must expressly permit the filing of a post-sentence motion ***nunc pro tunc***, also within 30 days of imposition of sentence. ***Id.*** at 1128 & n.6. "If the trial court does not expressly ***grant nunc pro tunc*** relief, the time for filing an appeal is neither tolled nor extended." ***Id.*** at 1128. Moreover, "[t]he trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting ***nunc pro tunc*** relief." ***Id.*** at 1129.

***Commonwealth v. Capaldi***, 112 A.3d 1242, 1244 (Pa.Super. 2015).

Based on our review of the record, appellant did not request ***nunc pro tunc*** relief in his post-sentence motion, and the trial court disposed of the motion on its merits. Our holding in ***Capaldi*** requires us to find that the time for filing a direct appeal was not tolled by appellant's untimely post-sentence motion. Accordingly, pursuant to the PCRA, appellant's judgment of sentence became final on April 6, 2013. 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a).

Therefore, appellant's final day to file a timely petition pursuant to the PCRA was April 7, 2014.[1] 42 Pa.C.S.A. § 9545(b)(1).

In this case, appellant filed his **pro se** PCRA petition on May 6, 2014. An amended PCRA petition was filed on December 27, 2016. Therein, appellant does not plead any of the three exceptions to the PCRA time-bar. Because appellant filed an untimely PCRA petition and did not plead nor prove any of the three exceptions to the PCRA time bar, we do not have jurisdiction to consider the merits of appellant's appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/19

---

[1] April 6, 2014 fell on a Sunday. Therefore, appellant's deadline for filing a timely petition was extended to the following business day. **See** 1 Pa.C.S.A. § 1908.